10-4192-ag
Zheng v. Holder

BIA
A070 651 174

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of January, two thousand twelve.

PRESENT:
            PETER W. HALL,
            DEBRA ANN LIVINGSTON,
            DENNY CHIN,
                *Circuit Judges.*

_____

ZI QIANG ZHENG,
            *Petitioner,*

        v.                                    10-4192-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:         Zi Qiang Zheng, *pro se*, New York, NY

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Mary Jane Candaux,
                        Assistant Director; Laura M.L.
                        Maroldy, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zi Qiang Zheng, a native and citizen of the People's Republic of China, seeks review of the September 15, 2010, decision of the BIA denying his motion to reopen. *In re Zi Qiang Zheng*, No. A070 651 174 (B.I.A. Sept. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because Zheng has petitioned for review from the denial of his 2010 motion, we review only the BIA's 2010 decision and do not address Zheng's family planning claims, as they were raised in a prior motion to reopen. 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 77 (2d Cir. 2004); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). We review the BIA's denial of Zheng's 2010 motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A petitioner may file one motion to reopen, which, generally, must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings

sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zheng's 2010 motion was untimely and number-barred, as the immigration court's final order was issued in 1999, and the 2010 motion was Zheng's second motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Here, the BIA reasonably concluded that Zheng failed to establish changed country conditions. As the BIA found, Zheng failed to provide any evidence of the treatment of Christians at the time of his 1999 hearing. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). Although Zheng now contends that the BIA abused its discretion by not "addressing all the factors relevant to his claim" and by not considering country conditions evidence he submitted, he does not indicate the evidence to which he is referring.

3

Moreover, contrary to Zheng's argument, the record does not demonstrate that the BIA failed to consider any of the evidence he submitted. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008). Accordingly, because Zheng failed to establish changed country conditions in China sufficient to excuse the untimely filing of his motion to reopen, his assertion that he would be able to demonstrate his eligibility for the underlying relief is unavailing. Contrary to Zheng's contention, the BIA did not abuse its discretion in declining to consider Zheng's successive asylum application, as a showing of changed country conditions was a prerequisite to reopening. As the BIA found, Zheng's change in personal circumstances, which materially affected his eligibility for asylum, did not exempt him from having to demonstrate changed country conditions. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 152 (2d Cir. 2008)*; Matter of C-W-L-*, 24 I. & N. Dec. 346, 351 (B.I.A. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk